IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr198-MHT |
| | ) | (WO) |
| LAMARCUS SANKEY | ) | |

ORDER

This cause is before the court on the unopposed motion to continue trial filed by defendant Lamarcus Sankey. For the reasons set forth below, the court finds that jury selection and trial, now set for February 2, 2026,* should be continued pursuant to 18 U.S.C. §§ 3161(h)(7)(A).

---

\* In his motion, Sankey states that this trial date is "outside the time required by the Speedy Trial Act." Motion to Continue Trial (Doc. 21) at 1. By the court's calculation though, that is incorrect. Trial must commence within 70 days of the defendant's initial appearance. See 18 U.S.C. § 3161(c)(1). Sankey appeared at arraignment on December 19, 2025. Seventy days from December 19, 2025, is February 27, 2026. Thus, the initial trial date of February 2, 2026, was within the time required by the Speedy Trial Act.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any period of delay stemming from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).  In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i),

or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Sankey in a speedy trial. Both defense and the government counsel believe that the case will likely resolve with a plea agreement, but require more time to finalize the agreement. Sankey's counsel was on personal leave for most of December, and counsel for the government was on leave on Friday, January 9. As such, the parties could not finalize the terms of the agreement before the change of plea deadline, which is today, Monday, January 12.

Considering these circumstances, the court finds that a continuance is necessary to ensure that defense counsel and the government have sufficient time to prepare a plea agreement, and that Sankey has sufficient

time to review and thoroughly consider any agreement that counsel prepare.  Also, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 21) is granted.

(2) The jury selection and trial, now set for February 2, 2026, at 10:00 a.m., are continued to March 9, 2026, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset the deadline for change of plea and other pretrial deadlines if appropriate.

DONE, this the 12th day of January, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE